IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DESRA R. LARKINS,                               6:13-CV-01661-BR

        Plaintiff,                       OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

        Defendant.


JAMES W. MOLLER
8655 Citizens Dr., Ste. 104
Portland, OR 97070

        Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

      Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Desra R. Larkins seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

      Plaintiff protectively filed for DIB on September 30, 2009, alleging a disability onset date of January 3, 2008.  Tr. 94,

131.[1]  The application was denied initially and on reconsideration.  Tr. 94, 95.  Plaintiff requested a hearing before an Administrative Law Judge (ALJ) on August 5, 2010. Tr. 5-8.  A hearing was held before ALJ James Yellowtail on February 17, 2012.  Tr. 45-93.  At the hearing the ALJ heard testimony from Plaintiff and from vocational expert (VE) Mark McGowan.  Tr. 45-93.  In a decision dated March 28, 2012, the ALJ found Plaintiff is not disabled.  Tr. 9-38.  The Appeals Counsel denied Plaintiff's subsequent request for review on July 17, 2013, at which time the ALJ's decision became the Commissioner's final decision.  Tr. 1-4.  Plaintiff now seeks judicial review in this Court.

## BACKGROUND

Born in January 1969, Plaintiff was 43 years old at the time of the hearing.  Tr. 53, 177.  She speaks English and completed the ninth grade.  Tr. 175.  Plaintiff has past relevant work experience as a home attendant, a cashier, a cannery worker, a dishwasher, and a cleaner.  Tr. 76-77, 170. She alleges disability due to back and neck surgeries,

---

[1] Citations to the official transcript of record filed by the Commissioner on March 6, 2014 are referred to as "Tr."

3 - OPINION AND ORDER

spondylosis, disc herniation, left-shoulder and neck sprain,
myelomalacia, and myelopathy.   Tr. 169.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.   *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).   To meet this burden a claimant must demonstrate her
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."   42 U.S.C.
§ 423(d)(1)(A).   The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.   *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.   42
U.S.C. § 405(g).   *See also Brewes v. Comm'r of Soc. Sec. Admin.*,

682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

<u>DISABILITY ANALYSIS</u>

## I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

6 - OPINION AND ORDER

regular and continuing basis despite her limitations.   20 C.F.R.

§ 404.1520(e).   *See also* Social Security Ruling (SSR) 96-8p.   "A

'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule." SSR 96-8p, at *1.   In other

words, the Social Security Act does not require complete

incapacity to be disabled.   *Taylor v. Comm'r of Soc. Sec.*

*Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v.*

*Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

   At Step Four the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform

work she has done in the past.   20 C.F.R. § 404.1520(a)(4)(iv).

*See also Keyser*, 648 F.3d at 724.

   If the Commissioner reaches Step Five, she must determine

whether the claimant is able to do any other work that exists in

the national economy.   20 C.F.R. § 404.1520(a)(4)(v).   *See also*

*Keyser*, 648 F.3d at 724-25.   Here the burden shifts to the

Commissioner to show a significant number of jobs exist in the

national economy that the claimant can perform.   *Lockwood v.*

*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

The Commissioner may satisfy this burden through the testimony

of a VE or by reference to the Medical-Vocational Guidelines set

forth in the regulations at 20 C.F.R. part 404, subpart P,

appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has met the insured status requirements through her date last insured of September 30, 2014.  Tr. 15.

At Step Two the ALJ found Plaintiff has the following severe impairments:  status-post-cervical spine discectomy and fusion, lumbar spine spondylosis, history of lumbar surgeries in 1999 and 2006, post-laminectomy syndrome of the cervical and lumbar spine, and obesity.  Tr. 15.

At Step Three the ALJ concluded Plaintiff's impairments do not medically equal the criteria for Listed Impairments under §§ 404.1520(d), 404.1525, and 404.1526 of 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 15.  The ALJ found Plaintiff has the RFC to perform work with the following limitations:  She can lift or carry ten pounds frequently and lift or carry less than ten pounds occasionally; she can stand or walk for two hours total in an eight-hour day; she must be able to change positions every 30 minutes; she can sit for six hours total; she can occasionally climb stairs or ramps, balance, stoop, kneel, or

crouch; she can never climb ladders or scaffolds; she can push and pull as limited to be consistent with her lifting and carrying limits; and she can only occasionally reach in all directions, including overhead.  Tr. 16.

At Step Four the ALJ concluded Plaintiff is incapable of performing any of her past relevant work.  Tr. 36.

At Step Five the ALJ concluded Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including telephone solicitor and surveillance-system monitor.  Tr. 37.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 38.


## DISCUSSION

Plaintiff contends the ALJ erred by (1) failing to reasonably assess Plaintiff's "severe" impairments at Step Two, (2) rejecting her credibility, and (3) improperly evaluating the medical opinion evidence.

**I.   Step Two Findings**

Plaintiff contends the ALJ erred because she failed to reasonably assess Plaintiff's severe impairments at Step Two. Specifically, Plaintiff argues the ALJ improperly omitted

Plaintiff's spine problems, headaches, and chronic pain syndrome
from the list of "severe" impairments.

The Step Two inquiry is a *de minimis* screening device used
to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d
1273, 1290 (9th Cir. 1996). At Step Two a claimant must present
evidence of an impairment that is so severe that it
"significantly limits [a plaintiff's] physical and mental
ability to do basic work activities." 20 C.F.R. § 404.1520(c).
When the plaintiff meets the *de minimis* threshold, the ALJ
continues with the sequential analysis and considers the effect
of all of the claimant's impairments, whether severe or non-
severe. SSR 96-8p. Reversible error occurs only when a severe
impairment excluded at Step Two causes functional limitations
not accounted for in the ALJ's evaluation of Plaintiff's RFC.
*Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ resolved Step Two in Plaintiff's favor when he
found Plaintiff has the severe impairments of status-post
cervical spine discectomy and fusion, lumbar spine spondylosis,
history of lumbar surgeries in 1999 and 2006, post-laminectomy
syndrome of the cervical and lumbar spine, and obesity with body
mass index of 32.93. Tr. 15. Because Step Two was resolved in
her favor, any error in neglecting to mention Plaintiff's other

alleged limitations was harmless if the ALJ considered all of her impairments in his evaluation of Plaintiff's RFC.  *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007)(When Step Two is resolved in the claimant's favor, the only issue is whether the treatment records establish any work-related limitations incompatible with the ALJ's ultimate decision.). Here Plaintiff does not identify any credible limitations that were omitted from the ALJ's assessment of Plaintiff's RFC. Because the ALJ need not incorporate limitations into the RFC that he finds not credible, any error at Step Two was harmless. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

## II.  Plaintiff's Credibility

Plaintiff argues the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's subjective symptoms testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not

produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

Plaintiff testified she is not capable of working full-time. Tr. 45-93. She reported she cannot sit for very long due to numbness and tingling in her lower back and symptoms in her legs. She stated she cannot lift, push, or pull objects weighing more than 10 pounds, had tingling down both hands and arms, and cannot look down without experiencing headaches and extreme neck pain. Tr. 72. On good days she must recline about three times a day for an hour or so. Tr. 70-71. On bad days when she experiences a pain flare, she is "pretty much" confined to her bed. Tr. 71.

12 - OPINION AND ORDER

The ALJ found Plaintiff's testimony regarding her symptoms and limitations was not fully credible.  Tr. 37.  The ALJ found Plaintiff exaggerated her limitations through "pain behaviors." Tr. 16.  The fact that a claimant exaggerates her symptoms is a clear and convincing reason to discount her credibility. *Tonapeytan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  Here the record supports the ALJ's contention.  For example, Kevin Cuccaro, D.O., examined Plaintiff in December 2011 and noted she displayed "[e]xcessive pain behaviors throughout the exam." Tr. 1086.  Thomas Rosenbaum, M.D., also found "some evidence of symptom magnification" upon examination in May 2009.  Tr. 562. Dave Doughman, RPT, found Plaintiff tested positive for symptom magnification in October 2008.  Tr. 476.  Finally, Steven Thomas, M.D., noted Plaintiff displayed "excessive pain behavior" on examination in November 2008.  Tr. 466.

The ALJ also found Plaintiff's daily activities were inconsistent with the nature and severity of her alleged symptoms and limitations.  Tr. 29.  A claimant's daily activities can provide a clear and convincing reason for rejecting her subjective symptom testimony when they conflict with her testimony.  *Molina*, 674 F.3d at 1113.  Here

Drs. Rosenbaum and Thomas noted Plaintiff enjoyed gardening in the summer.  Tr. 470, 560.  It was reasonable to infer that Plaintiff's gardening hobby contradicts her contention that she could not look down without experiencing "a lot of pain" in her neck and tingling in her left arm and hand.  *See* Tr. 59.

The ALJ next found Plaintiff failed to comply with treatment recommendations.  Tr. 30.  Multiple treatment providers recommended Plaintiff participate in physical therapy, but the record reveals she failed to attend physical-therapy sessions consistently.  Tr. 446, 477, 494, 552, 554, 629, 1049, 1055, 1104.  Plaintiff contests the ALJ's reasoning and points out that Dr. McNabb stated in a letter dated August 6, 2008, that Plaintiff tried physical therapy for "only 2 visits because [Plaintiff] had increase in discomfort in her neck."  Tr. 551. In the same letter, however, Dr. McNabb writes:  "I also feel that [Plaintiff] could benefit from another trial of physical therapy."  Tr. 554.

Plaintiff was also advised to quit smoking because of "its relation to both back pain and chronic pain," but she testified at the hearing that she continues to smoke.  Tr. 73, 1087.  The ALJ may reject a claimant's credibility if the claimant does not follow prescribed treatment "and there are no good reasons for

this failure." SSR 96-7p. Plaintiff's failure to comply with treatment recommendations gives further weight to the ALJ's finding that Plaintiff's testimony is not credible. *See* SSR 96-7p.

On this record the Court concludes the ALJ provided clear and convincing reasons supported by substantial evidence in the record for discounting Plaintiff's credibility and for rejecting Plaintiff's testimony regarding her physical limitations

## III. Medical Evidence

Plaintiff argues the ALJ erred in his evaluation of the medical evidence.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of treating, examining, and nonexamining physicians. The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a nonexamining physician. *Lester*, 81 F.3d at 830. An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923

F.2d 1391, 1396 (9th Cir. 1991).  In contrast, if the opinion of
an examining physician is contradicted by another physician's
opinion, the ALJ must provide "specific, legitimate reasons" for
discrediting the examining physician's opinion.  *Lester*, 81 F3d
at 830.  Specific, legitimate reasons for rejecting a
physician's opinion may include its reliance on a claimant's
discredited subjective complaints, inconsistency with medical
records, inconsistency with a claimant's testimony, and
inconsistency with a claimant's daily activities.  *Tommasetti v.
Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).  An ALJ may also
discount a medical source's opinion that is inconsistent with
the source's other findings.  *Bayliss*, 427 F.3d at 1216.  It is
legal error to ignore an examining physician's medical opinion
without providing reasons for doing so, and an ALJ effectively
rejects an opinion when he ignores it.  *Smolen*, 80 F.3d at 1286.

    1.   **Craig McNabb, M.D.**

    Plaintiff contends the ALJ improperly rejected the medical
opinion of Craig McNabb, M.D.  Dr. McNabb opined Plaintiff would
be absent from work two or more days per month due to chronic
pain and other symptoms.  Tr. 1102-03.

    The ALJ rejected Dr. McNabb's opinion.  Tr. 34-35.  He
found Dr. McNabb's opinion was contradicted by the medical

opinion of Dr. Thrall, who found in June 2008 that Plaintiff retained the ability to perform light-duty work for 40 hours per week. Tr. 581-82, 617. Because Dr. McNabb's opinion was contradicted by the medical opinion of Dr. Thrall and the ALJ rejected Dr. McNabb's opinion, the ALJ was required to provide specific, legitimate reasons for rejecting that opinion.[2] *Lester*, 81 F3d at 830.

The ALJ found Dr. McNabb's opinion was not consistent with his own findings and with other treatment notes from the same period. Tr. 35. When a physician's opinion is inconsistent with her own treatment notes, the ALJ may properly discount that physician's opinion. *Bayliss*, 427 F.3d at 1216. In addition, the ALJ need not accept a medical opinion if that opinion is inconsistent with other substantial evidence, *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004), and may reject a physician's opinion regarding a claimant's level of impairment if it is unreasonable in light of other evidence in the record. *Morgan v. Comm'r*, 169 F.3d 595, 601 (9th Cir. 1999).

---

[2] Plaintiff correctly notes Dr. Thrall writes in his statement of June 25, 2009, that he is "still awaiting the final report from Dr. McNabb." Tr. 617. The Court, however, is not persuaded this note suggests Dr. Thrall's comments should be read as conditional on Dr. McNabb's findings.

Here Dr. McNabb cited "sensory changes and muscle weakness"
as the basis of his conclusions regarding Plaintiff's condition.
Tr. 1102.  By contrast, however, Dr. McNabb found elsewhere that
Plaintiff had normal reflexes and full strength throughout her
lower extremities.  Tr. 1104.  Other treatment providers,
including Poly Chen, M.D.; Steven Goodwin, M.D.; Stephen Thomas,
M.D.; and Charles Pederson, M.D., also found Plaintiff exhibited
full and even "excellent" motor strength on examination.  *See*
Tr. 415-19, 463, 593-94, 618, 863, 923, 934, 1057, 1064, 1080,
1106, 1109, 1112, 1119, 1126.  The record, therefore, supports
the ALJ's rejection of Dr. McNabb's conclusions that Plaintiff's
impairments were so severe as to render her disabled.  *See*
*Bayliss*, 427 F.3d at 1216; *Batson*, 359 F.3d at 1195; *Morgan*, 169
F.3d at 601.

The ALJ also found Dr. McNabb's opinion was largely based
on Plaintiff's discredited subjective symptom reports.  Tr. 35.
When the ALJ properly determines a claimant's description of her
limitations is not entirely credible, it is reasonable to
discount a physician's opinion that is based on those less-than-
credible statements.  *Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th
Cir. 2009).  As noted, the ALJ properly rejected Plaintiff's
testimony as not credible.  In his August 6, 2008, findings,

18 - OPINION AND ORDER

Dr. McNabb wrote:  "It is really difficult to ascertain how much
of [Plaintiff's limitations are] due to discomfort versus true
weakness."  Tr. 553.  This statement indicates Dr. McNabb's
findings were based on Plaintiff's subjective reports of
discomfort as opposed to objective findings.  The fact that
Dr. McNabb's examination was partly based on Plaintiff's
subjective reporting provides an additional specific, legitimate
reason for the ALJ to reject Dr. McNabb's medical opinion.  *See
Bray*, 554 F.3d at 1228.

> 2.  **Thomas Thrall, M.D., and Thomas Rosenbaum, M.D.**

Plaintiff contends the ALJ failed to incorporate
limitations assessed by Drs. Thrall and Rosenbaum into the ALJ's
evaluation of Plaintiff's RFC.  Specifically, Plaintiff asserts
Dr. Thrall's limitation on Plaintiff's ability to twist and to
bend her neck and Dr. Rosenbaum's limitation on Plaintiff's use
of her hands were omitted from the RFC.

The Court finds, however, the ALJ's determination that
Plaintiff retains the ability to perform jobs that exist in
significant numbers in the national economy is consistent with
the credible limitations assessed by Drs. Thrall and Rosenbaum.
"An ALJ's error is harmless where it is inconsequential to the

19 – OPINION AND ORDER

ultimate nondisability determination." *Molina*, 674 F.3d at 1115.

Here the VE identified jobs that Plaintiff could perform in the national economy consistent with her RFC, including surveillance-system monitor and information clerk. Tr. 86. These jobs do not require looking down more than occasionally, and, therefore, are consistent with the Plaintiff's limitations identified by Dr. Thrall. Tr. 86. The VE also testified the surveillance-system monitor position required only occasional handling and fingering. Tr. 89. Plaintiff's limitations as assessed by Drs. Thrall and Rosenbaum, therefore, do not prevent her from performing the representative occupations identified by the VE and adopted by the ALJ in his decision. Any error in the ALJ's RFC assessment, therefore, was harmless because it was inconsequential to his ultimate nondisability determination at Step Five. *See Molina*, 674 F.3d at 1115.

### 3. Patricia Wheeler, M.D.

Plaintiff asserts the ALJ erred by rejecting the medical opinion of Patricia Wheeler, M.D. Dr. Wheeler summarized Plaintiff's medical history in a document dated October 2, 2009. Tr. 665-66. The document reflects Plaintiff cannot "do a job that requires her to look down." Tr. 665. Plaintiff attributes

this statement to Dr. Wheeler and argues the ALJ erroneously rejected Dr. Wheeler's medical opinion because he did not include a sufficient limitation on looking down in his evaluation of Plaintiff's RFC.  The Court, however, finds the ALJ reasonably viewed this statement as a self-report by Plaintiff.  Because the ALJ properly found Plaintiff's testimony not credible, the ALJ was not required to provide additional legally sufficient reasons for rejecting this statement.

In summary, the Court finds the ALJ did not err in his evaluation of the medical evidence because he provided legally sufficient reasons supported by substantial evidence in the record for his evaluation.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this _24_ day of October, 2014.

_____
ANNA J. BROWN
United States District Judge